# LAW OFFICES OF
## UGO UZOH, P.C.
255 LIVINGSTON STREET, 4TH FL.
BROOKLYN NY, 11217
PHONE: (718) 874-6045
Attorneys for plaintiffs

```
-----------------------------------X-------------------------------
JOHN MCLEAN and SHAMEKKA CRUMP,      :UNITED STATES DISTRICT COURT
            Plaintiff(s),            :EASTERN DISTRICT OF NEW YORK
                                     :
                                     :CASE No.:10 CV 631 (FB) (RLM)
       against                       :
                                     :CIVIL ACTION
                                     :
THE CITY OF NEW YORK, P.O. DAMON     :AMENDED COMPLAINT
MCMULLEN [SHIELD# 28854], P.O.       :
JONMICHEL LOBOSCO [SHIELD# 30245],   :PLAINTIFFS DEMAND
P.O. PEGGY ALVES [SHIELD# 27641],    :TRIAL BY JURY
JOHN DOE and JANE DOE,               :
            Defendant(s),            :
-----------------------------------X-------------------------------
```

TAKE NOTICE, the Plaintiffs, John McLean and Shamekka Crump, hereby appear in this action by their attorneys, The Law Offices of Ugo Uzoh, P.C., and demand that all papers be served upon them, at the address below, in this matter.

Plaintiffs, John McLean and Shamekka Crump, by their attorneys, Ugo Uzoh, P.C., complaining of the defendants, The City of New York, P.O. Damon McMullen [Shield# 28854], P.O. Jonmichel Lobosco [Shield# 30245], P.O. Peggy Alves [Shield# 27641], John Doe and Jane Doe, collectively referred to as the defendants, upon information and belief allege as follows:

## NATURE OF THE ACTION

1.  This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the First, Fourth, Fifth, Eight and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiffs, as a result of the malicious actions and negligence of the defendants, arising from the illegal and unlawful arrest and detention of Mr. McLean by the defendants in March 2009, and the serious and permanent personal injuries sustained by the plaintiffs during said arrest and detention by the defendants.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343(a), and this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, treaty, customary international law and norms, custom and usage of a right, privilege and immunity secured to the plaintiff by the First, Fourth, Fifth, Eight and Fourteenth Amendments to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 U.S.C. § 1983 and under the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiffs' claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

6. Plaintiffs, husband and wife, reside in Brooklyn, New York and are residents of the State of New York.

7. Defendants P.O. Damon McMullen [Shield# 28854], P.O. Jonmichel Lobosco [Shield# 30245], P.O. Peggy Alves [Shield# 27641], John Doe and Jane Doe, collectively referred to as defendant police officers, are police officers and at all times relevant to this action are

     police officers of the City of New York Police Department and are acting under color of state law. Said police officers are being sued in both their individual and official capacities.

8. The defendant City of New York is a municipality in the State of New York and employs defendant police officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about March 28, 2009, at approximately 10:00 PM, defendant police officers of the New York Police Department, without probable cause and or justification, arrested Mr. McLean at his home which is located at 1834 Caton Avenue, Brooklyn, New York, County of Kings, and falsely charged Mr. McLean with PL 140.15 'Criminal trespass in the second degree.'

10. Prior to the arrest, Mr. McLean was just sitting at the staircase of his housing complex relaxing when defendant police officers suddenly pounced upon him and assaulted him. Initially, the defendant police officers interrogated and repeatedly questioned Mr. McLean asking him to inform them where the drugs were hidden and what he was doing on the staircase. The moment Mr. McLean asked the defendant police officers to leave him alone and to desist from harassing him any further, the defendant police officers grabbed Mr. McLean and threw him down to the floor causing Mr. McLean to sustain serious injuries.

11. The defendant police officers immediately ordered Mr. McLean to submit himself to an illegal search and performed an illegal search of Mr. McLean. Even though the defendant police officers' illegal search did not yield anything, they nonetheless arrested Mr. McLean with his hands tightly handcuffed behind his back and transported Mr. McLean to the precinct.

12. While at the precinct, Mr. McLean was pedigreed, interrogated for several hours by several police officers and placed in a holding cell where he was held and detained for a lengthy period of time. During the entire time Mr. McLean was still tightly restrained with handcuffs. Even though Mr. McLean repeatedly informed defendant police officers that he did not commit any crime or offense, the defendant police officers nonetheless persisted in their efforts to harass and intimidate Mr. McLean. The defendant

      police officers coerced, harassed, intimidated and attempted to bully Mr. McLean into giving them false statements. During the entire time, Mr. McLean was not afforded any opportunity to speak with his counsel or to even contact his family and friends and inform them of the arrest and or his situation.

13. Subsequently, defendant police officers transported Mr. McLean to the Central Booking where Mr. McLean was further detained for several hours before he was finally brought before a judge. Upon arraignment, Mr. McLean was charged with PL 140.15 'Criminal trespass in the second degree.'

14. Subsequently, the false charge levied against Mr. McLean by the defendants was summarily dismissed.

15. That during the entire time while Mr. McLean was illegally detained, Mr. McLean requested but was denied access to counsel, medical treatment, medication, food and drink, as well as contact and visitation by his friends and family.

16. That even though the defendants knew, or should have known based on the facts, that Mr. McLean did not commit any crime or offense, they still proceeded to arrest and detain Mr. McLean, and used excessive force to assault, detain, and imprison Mr. McLean just to intimidate Mr. McLean.

17. That at no time during the arrest was Mr. McLean read his Miranda rights or allowed to make any phone call or inform his family and friends that he had been arrested.

18. That Mr. McLean was maliciously prosecuted without any just cause or reason, and with defendants fully aware that Mr. McLean was innocent of the charges against him at all times relevant.

19. That Mr. McLean did not commit any offense against the laws of New York City and or State for which the March 28, 2009 arrest may be lawfully made. At no time did Mr. McLean trespass or obstruct any act or administration of government, or engage in any conduct which in any way justified the illegal and unlawful actions of the defendants.

20. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer serious injuries, including but not limited to emotional distress,

        nightmares, panic attacks, mental anguish, unwarranted severe anger bouts, permanent scarring and severe physical pains in various parts of their bodies some or all of which may be permanent.

21. The illegal and unlawful arrest, and Mr. McLean's wrongful imprisonment particularly in light of the fact that the defendants had full knowledge of the lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

22. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

23. As a direct and proximate result of Mr. McLean's illegal and unlawful detention and confinement, plaintiffs have lived and continue to live in constant fear, continue to suffer from nightmares, are now fearful of stepping outside and whenever he sees a police officer or is in the midst of a police officer, they suffer various emotional setbacks and attacks. Additionally, plaintiffs have been unable to function normally which has caused severe strain and breakdown in their personal relationships, in and outside of their home and family circles.

24. As a direct and proximate result of defendants' actions, Mr. McLean was arrested and imprisoned without just or probable cause.

25. As a direct and proximate result of defendants' actions, plaintiffs were deprived of their due process rights, and rights, remedies, privileges, and immunities under the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution, and treatise, ordinances, customary international law and norms, custom and usage of a right, and the laws of the City and State of New York.

26. Defendant City of New York, acting through the New York Police Department, had actual and or de facto policies, practices, customs and or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, obligation not to

promote or condone perjury and or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exits for such arrest. Additionally, defendant City of New York, acting through District Attorney Charles J. Hynes and the Office of the District Attorney of the County of Kings, had actual and or de facto policies, practices, customs and or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, initiating criminal actions, obligation not to promote or condone perjury and or assist in the prosecution of innocent persons and the duty and or obligation of candor toward the court.

27. That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers, Assistant District Attorneys and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

28. The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process and the right to due process.

29. By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

30. That Mr. McLean's proprietary right to his good name and reputation was improperly and unlawfully attacked.

31. That the conduct of the defendants as described herein degraded, ridiculed and exposed Mr. McLean to physical and emotional harm.

32. That the actions of the defendants were malicious, illegal, unlawful, and directed at depriving plaintiffs of their constitutional rights and their good name, and were in violation of public policy.

33. That plaintiffs were and are still traumatized by the treatment at the hands of the defendants. The plaintiffs suffered and continue to suffer substantial financial hardship and severe emotional and mental distress as a result of the actions that gave rise to this lawsuit.

34. That this action has been commenced within three years after the occurrence of the other event(s) upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C. § 1983 - all defendants

35. Plaintiffs hereby restate paragraphs 1-34 of this complaint, as though fully set forth below

36. By detaining and imprisoning Mr. McLean without justification, probable cause or reasonable suspicion and using excessive force, defendants deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the First, Fourth, Fifth, Eight and Fourteenth Amendments of the United States Constitution.

37. In addition, defendants conspired among themselves to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983, and by the First, Fourth, Fifth, Eight and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

38. The defendant police officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as officers of the City of New York Police

Department. Said acts by defendant police officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and defendant police officers acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983, and by the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

39. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS A SECOND CAUSE OF ACTION:

Excessive Force – defendant police officers

40. Plaintiffs hereby restate paragraphs 1-39 of this complaint, as though fully set forth below

41. In using excessive force, physically assaulting, handcuffing, threatening, harassing, intimidating Mr. McLean, defendant police officers, acting in their capacities as officers of the City of New York Police Department, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon Mr. McLean.

42. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS A THIRD CAUSE OF ACTION:

False Arrest and False Imprisonment - all defendants

43. Plaintiffs hereby restate paragraphs 1-42 of this complaint, as though fully set forth below

44. The defendants wrongfully, illegally and unlawfully arrested, detained, and imprisoned Mr. McLean.

45. The wrongful arrest, detention, and imprisonment of Mr. McLean were carried out without valid warrant, without Mr. McLean's consent, and without probable cause or reasonable suspicion.

46. At all relevant times, the defendants acted with excessive force in apprehending, detaining, and imprisoning Mr. McLean.

47. Throughout this period, Mr. McLean was unlawfully, wrongfully, and unjustifiably harassed, detained, threatened, deprived of his liberty and imprisoned.

48. All of the foregoing occurred without any fault or provocation on the part of the plaintiffs.

49. The defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiffs' rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward the plaintiffs.

50. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

### AS A FOURTH CAUSE OF ACTION:

Malicious Prosecution - all defendants

51. Plaintiffs hereby restate paragraphs 1-50 of this complaint, as though fully set forth below

52. Following Mr. McLean's arrest, the defendants levied false and malicious charges against him and maliciously prosecuted Mr. McLean thereafter. Eventually, the charge(s) against Mr. McLean was summarily dismissed.

53. As a result of defendants' actions Mr. McLean was deprived of his liberty and was restricted in his ability to travel and engage in his usual occupation and normal lifestyle.

54. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

### AS A FIFTH CAUSE OF ACTION:

Due Process Rights - all defendants

55. Plaintiffs hereby restate paragraphs 1-54 of this complaint, as though fully set forth below

56. The acts described herein had the intent and the effect of grossly humiliating and debasing the plaintiffs and inciting fear and anguish.

57. These acts included, among other things, denial of food and water, sleep deprivation, lack of basic hygiene, exposure to prison inmates with history of violence and sexual abuse or depravation, exposure to violent aggressions, assault and harassment, denial of medical treatment and essentials, denial of access to medication and proper medical care, and denial of visitation and communication with family and friends.

58. The defendants denied Mr. McLean the treatment needed to remedy his serious medical conditions and did so because of their deliberate indifference to Mr. McLean's need for medical treatment and care.

59. Defendants are liable for said conduct in that defendants participated in, set the conditions, directly and or indirectly facilitated, ordered, acquiesced, confirmed, ratified and or conspired together in denying plaintiffs their due process rights.

60. Plaintiffs suffered severe immediate physical and psychological abuse as a result of the acts alleged herein. Plaintiffs continue to suffer profound physical and psychological trauma from the acts alleged herein.

61. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS A SIXTH CAUSE OF ACTION:

42 U.S.C. § 1985 – defendant police officers

62. Plaintiffs hereby restate paragraphs 1-61 of this complaint, as though fully set forth below

63. In an effort to find fault against Mr. McLean, defendant police officers conspired among themselves, and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983, and by the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution, and took numerous overt

steps in furtherance of such conspiracy, as set forth above.

64. In light of the foregoing therefore, defendant police officers engaged in a conspiracy designed to deprive plaintiffs of their constitutional and federal rights in violation of 42 U.S.C. § 1985.

65. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS A SEVENTH CAUSE OF ACTION:

First Amendment Retaliation – defendant police officers

66. Plaintiffs hereby restate paragraphs 1-65 of this complaint, as though fully set forth below

67. The moment Mr. McLean asked defendant police officers to leave him alone and to desist from harassing him any further, defendant police officers grabbed Mr. McLean and threw him down to the floor causing Mr. McLean to sustain serious injuries.

68. Eventually, the defendant police officers arrested Mr. McLean for asking them to leave him alone and desist from harassing him any further, and subsequently charged Mr. McLean with PL 140.15 'Criminal trespass in the second degree.

69. Clearly, the actions of defendant police officers were motivated by Mr. McLean's exercise of his rights and interest protected by the First Amendment, and the actions of defendant police officers effectively chilled the exercise of Mr. McLean's rights.

70. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS A EIGHTH CAUSE OF ACTION:

Malicious Abuse of Process – defendant police officers

71. Plaintiffs hereby restate paragraphs 1-70 of this complaint, as though fully set forth below

72. Defendant police officers arrested Mr. McLean and charged him with PL 140.15 'Criminal trespass in the second degree', in order to punish Mr. McLean for exercising his rights and interest protected by the First Amendment.

73. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS A NINTH CAUSE OF ACTION:

Loss of Rights To Familial Association – all defendants

74. Plaintiffs hereby restate paragraphs 1-73 of this complaint, as though fully set forth below

75. The defendant police officers conspired with other individuals and among themselves to arrest the plaintiffs and deprive them of their constitutional rights secured by 42 U.S.C. § 1983, and by the First, Fourth, Fifth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

76. The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States; in particular, the rights to familial association, to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

77. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

78. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS A TENTH CAUSE OF ACTION:

Illegal and Unreasonable Search & Seizure – defendant police officers

79. Plaintiffs hereby restate paragraphs 1-78 of this complaint, as though fully set forth below

80. The defendant Police Officers wrongfully, illegally, unlawfully and unreasonably performed search of Mr. McLean.

81. The wrongful, illegal, unlawful and unreasonable search and seizure were carried out without warrant, without plaintiffs' consent and without probable cause or reasonable suspicion.

82. All of the foregoing occurred without any fault or provocation on the part of plaintiffs, and were in violation of the Fourth Amendment to United States Constitution.

83. The defendant Police Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiffs' rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward plaintiffs.

84. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## AS A ELEVENTH CAUSE OF ACTION:

New York State Constitution, Art. I, §§ 5, 8, 11 & 12 – all defendants

85. Plaintiffs hereby restate paragraphs 1-84 of this complaint, as though fully set forth below

86. By reason of the foregoing, and by arresting, detaining and imprisoning Mr. McLean without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of freedom of speech and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 8 (guaranteeing freedom of

speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

87. In addition, defendant police officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

88. Defendant police officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant police officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant police officers acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 8, 11 & 12 of the New York Constitution.

89. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

90. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

## AS A TWELFTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress - all defendants

91. Plaintiffs hereby restate paragraphs 1-90 of this complaint, as though fully set forth below

92. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

93. Plaintiffs' emotional distress has damaged their personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and

malicious actions including the assault, detention and imprisonment by defendants.

94. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

### AS A THIRTEENTH CAUSE OF ACTION:

Negligent Infliction of Emotional Distress - all defendants

95. Plaintiffs hereby restate paragraphs 1-94 of this complaint, as though fully set forth below

96. The defendants engaged in extreme and outrageous conduct, negligently and recklessly causing severe emotional distress to plaintiffs.

97. Plaintiffs' emotional distress has damaged their personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the assault, defamation, detention and imprisonment by defendants.

98. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

### AS A FOURTEENTH CAUSE OF ACTION:

Negligent Hiring and Retention of Employment Services - defendant City of New York

99. Plaintiffs hereby restate paragraphs 1-98 of this complaint, as though fully set forth below

100. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

101. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have

      anticipated that an injury to plaintiffs or to those in a like situation would probably result from such conduct described herein.

102. Upon information and belief, defendant City of New York knew or should have known through the exercise of reasonable diligence that defendant police officers were not prudent and were potentially dangerous.

103. Upon information and belief, defendant City of New York's negligence in hiring and retaining defendant police officers proximately caused plaintiffs' injuries.

104. Upon information and belief, because of defendant City of New York's negligent hiring and retention of defendant police officers, plaintiffs incurred and sustained significant and lasting injuries.

### AS A FIFTEENTH CAUSE OF ACTION:

Loss of Consortium - all defendants

105. Plaintiffs hereby restate paragraphs 1-104 of this complaint, as though fully set forth below

106. During the entire time while Mr. McLean was detained and or incarcerated, Ms. Crump continued to worry and was highly concerned about Mr. McLean.

107. As a direct and proximate result of Mr. McLean's illegal and unlawful detention and confinement, plaintiffs have lived and continue to live in constant fear, continue to suffer from nightmares, are fearful of stepping outside and now suffer various emotional setbacks and attacks. Additionally, plaintiffs have been unable to function normally which has caused a severe strain and breakdown in their personal relationships, in and outside of their home and family circles.

108. As a direct and proximate result of Mr. McLean's illegal and unlawful detention and confinement, Ms. Crump was and continues to be deprived of the normal consortium, companionship, solace and society of her husband, Mr. McLean.

109. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

## RESPONDEAT SUPERIOR

110. Defendants, their officers, agents, servants and employees are responsible for the damages suffered by plaintiff; defendant City of New York, as employer of defendant police officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

    **WHEREFORE**, plaintiffs respectfully request judgment against the defendants as follows:

1. On the First Cause of Action against all defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorney's fees and costs under 42 U.S.C. § 1988;

2. On the Second Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant police officers in an amount to be determined at trial;

3. On the Third Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant police officers in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

6. On the Sixth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant police officers in an amount to be determined at trial;

7. On the Seventh Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant police officers in an amount to be determined at trial;

8. On the Eighth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant police officers in an amount to be determined at trial;

9. On the Ninth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

10. On the Tenth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against defendant police officers in an amount to be determined at trial;

11. On the Eleventh Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

12. On the Twelfth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

13. On the Thirteenth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial;

14. On the Fourteenth Cause of Action, against defendant City of New York, compensatory damages in an amount to be determined at trial;

15. On the Fifteenth Cause of Action, against all defendants, compensatory and punitive damages in an amount to be determined at trial; and

16. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:    Brooklyn, New York
          September 7, 2010

```
                    Respectfully submitted,

                           /s/

                    _____
              By:   Ugochukwu Uzoh [UU-9076]
                    255 Livingston Street
                    4th Floor
                    Brooklyn, New York 11217
                    Tel. No.  : (718) 874-6045
                    Fax No.   : (718) 576-2685
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOHN MCLEAN and SHAMEKKA CRUMP,

               Plaintiff(s),

against

THE CITY OF NEW YORK, P.O. DAMON MCMULLEN [SHIELD# 28854], P.O. JONMICHEL LOBOSCO [SHIELD# 30245], P.O. PEGGY ALVES [SHIELD# 27641], JOHN DOE and JANE DOE,

               Defendant(s).

---

**AMENDED SUMMONS & COMPLAINT**
**DEMAND TRIAL BY JURY**

---

**LAW OFFICES OF UGO UZOH, P.C.**
255 LIVINGSTON STREET, 4TH FLOOR, BROOKLYN, NY 11217
TELEPHONE: (718) 874-6045; FACSIMILE: (718) 576-2685
EMAIL: u.ugochukwu@yahoo.com

---

To:


Defendant(s)/Attorney(s) For Defendant(s).

---

 Service of a copy of the within is hereby admitted

   Dated:_____

  Attorney(s) For:_____